UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

WARREN STANSBERRY,

        Debtor.

_____/

Case No. DG 10-09830
Hon. Scott W. Dales
Chapter 7

JEFFREY A. MOYER,

        Plaintiff,

v.

GERALD SLAGEL, LINDA SLAGEL, and
STANCO METAL PRODUCTS, INC.,

        Defendants.

_____/

Adversary Pro. No. 11-80439

OPINION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                United States Bankruptcy Judge

Rather than answering the complaint that Chapter 7 Trustee Jeffrey A. Moyer ("Plaintiff") filed against them, Defendants Gerald Slagel, Linda Slagel, and Stanco Metal Products, Inc. ("Defendants") filed a motion to withdraw the reference ("Withdrawal Motion," DN 24) and a motion to dismiss (the "Dismissal Motion," DN 25). Both motions are premised on the theory that a United States Bankruptcy Judge lacks constitutional authority to enter final judgment on the Plaintiff's claims in view of the Supreme Court's opinion in *Stern v. Marshall*, __ U.S. __, 131 S. Ct. 2594 (2011). For several reasons, the court concludes that dismissal is not

an appropriate remedy.  In order to save the Plaintiff the expense of responding to the Dismissal Motion and the Withdrawal Motion simultaneously, the court will deny the former, without awaiting Plaintiff's response.

A United States Bankruptcy Judge may only exercise the authority that the United States District Court confers by way of reference.  *See* 28 U.S.C. § 157(b); LCivR 83.2(a) (W.D. Mich.).   The Dismissal Motion, although couched in jurisdictional terms, challenges this authority.   It follows, correspondingly, that the Dismissal Motion challenges not just the Bankruptcy Court's authority under 28 U.S.C. § 157(b), but also the propriety of the District Court's reference in the first place under 28 U.S.C. § 157(a), an issue the Defendants have squarely placed before that court by filing the Withdrawal Motion.  Given the substantial overlap of issues -- indeed the Defendants expressly incorporate the arguments in their Withdrawal Motion into their brief in support of the Dismissal Motion -- entertaining the Dismissal Motion while the Withdrawal Motion is pending could lead to inconsistent rulings.  As explained below, the court will defer to the United States District Court's ruling on the Withdrawal Motion.

Moreover, the court does not believe that the issues the Defendants raise in their Dismissal Motion challenge the subject matter jurisdiction that Congress bestowed on the United States District Court under 28 U.S.C. § 1334.  The Supreme Court in *Stern* observed that 28 U.S.C. § 157(b)(5) is not a jurisdictional statute, and the same observation naturally extends to the balance of that statute.  *See Stern*, 131 S. Ct. at 2606 ("we agree with Vickie that § 157(b)(5) is not jurisdictional").  Because dismissing the Plaintiff's complaint would frustrate the United States District Court's jurisdiction under 28 U.S.C. § 1334, the court will deny the Dismissal Motion.

If the District Court does not withdraw the reference, it is likely that court will give this court some direction regarding the form of this court's ultimate work product, whether a final judgment or *proposed* findings of fact and conclusions of law.  In other words, if the United States Bankruptcy Court lacks the authority to enter final judgment because the matter is not "core" or should be treated as "noncore" under *Stern*, dismissal would not necessarily follow.  In noncore but related matters, the United States District Court has directed its bankruptcy judges to "file and serve proposed findings of fact and conclusions of law on all dispositive matters."  *See* LCivR 83.2(b).  Dismissal would be inconsistent with the District Court's reference and the local rule.

Finally, and perhaps ironically, Defendants argue that the Bankruptcy Court lacks the authority to enter a final judgment, yet they ask the court to enter such a judgment, as long as the judgment disposes of the litigation in their favor.  The court hesitates to enter a final judgment when doing so would be inconsistent with the reasons advanced in favor of that very relief.

Under these circumstances, particularly the pendency of the Withdrawal Motion, the court will deny the Dismissal Motion, without prejudice.  The court notes that the pendency of the Withdrawal Motion does not stay proceedings, and neither party has sought such a stay.  *See* Fed. R. Bankr. P. 5011(c).  Accordingly, Defendants must answer the Plaintiff's complaint within 14 days after entry of this Opinion and Order.  *See* Fed. R. Bankr. 7012(a).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Dismissal Motion (DN 25) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Jessica B. Allmand, Esq., and Michael D. Huitink, Esq.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: October 14, 2011**